IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION FOR** |
| ) | **RELEASE FROM CUSTODY AND** |
| v. ) | **TO CANCEL DETENTION HEARING** |
| ) | |
| Eric Paul Gruver, ) | |
| ) | Case No.: 1:25-cr-00195 |
| Defendant. ) | |

On January 5, 2026, Defendant filed a *Motion for Detention Hearing* (Doc. No. 28) and *Motion for Release from Custody* (Doc. No. 29). Defendant requested the court conduct a detention hearing to address the issue of release or detention as he previously waived his right to a detention hearing and would like to request release to a sober living facility.

On January 6, 2026, the court granted Defendant's *Motion for Detention Hearing*, and scheduled a telephonic hearing for January 9, 2026, at 1:30 PM by telephone, at which time the court was to address the pending *Motion for Release from Custody*. (Doc. No. 30).

On January 7, 2026, Defendant filed a *Motion to Cancel Detention Hearing and Supplement to the Motion for Release from Custody*. (Doc. Nos. 31, 32). Defendant advised that upon further conversation with the United States and United States Probation and Pretrial Services, the United States would not be opposed to Defendant's release to Tied for Second Sober Living in Bismarck, North Dakota, subject to the inclusion of certain conditions of release that would mitigate the parties' concerns.

There being no objection from the United States, the court is inclined to **GRANT** Defendant's motions. (Doc. Nos. 29, 31). The detention hearing set for January 9, 2026, is cancelled. Defendant shall be released no earlier than 9:00 AM on January 15, 2026, to a

representative of Tied for Second Sober Living for immediate transport to the facility in Bismarck, North Dakota. Defendant's release shall be subject to the following conditions:

1) Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer. Defendant shall report to Pretrial Services Officer Stephanie Cherney at 701-530-2396 within 24 hours of release.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

5) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening or participate in a remote alcohol testing program using continuous electronic alcohol testing at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7) Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for the defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.

8) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

9) Defendant shall reside at Tied for Second Sober Living and shall participate in the center's programs and abide by its rules and regulations.

10) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Tied for Second Sober Living OR to communicate with Tied for Second Sober Living about Defendant's progress there.

    Any overnight passes from Tied for Second Sober Living must be approved by the Pretrial Services Officer.

    While residing at Tied for Second Sober Living, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

    If for any reason Defendant is terminated from Tied for Second Sober Living, the Defendant must immediately surrender to the custody of the United States Marshal.

    At least 96 hours prior to anticipated transition from Tied for Second Sober Living to another residence, Defendant must advise the Pretrial Services Officer of the anticipated transition date so that the Court can review the Defendant's release status.

11) Defendant must participate in the following location restriction program and comply with its requirements as directed by the Pretrial Services Officer.

    > Curfew: You are restricted to your residence every day from 10:00 PM to 5:00 AM, or as directed by the Pretrial Services Officer.
    > Defendant must submit to the following location monitoring technology and comply with its requirements as directed:
    > > Location monitoring technology as directed by the Pretrial Services Officer.

12) Defendant shall reside at Tied for Second Sober Living and not change this residence without prior approval of the Pretrial Services Officer.

13) Defendant sham submit the defendant's person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services Officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

14) Defendant shall maintain or actively seek employment. Employment must be approved by the Pretrial Services Officer.

15) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

16) Defendant shall not obtain a passport and other foreign travel document(s).

17) Defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

18) Defendant must contact the US Marshal Service at 701-333-0660 within 48 hours to arrange processing.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2026.

            */s/ Clare R. Hochhalter*
            Clare R. Hochhalter, Magistrate Judge
            United States District Court